IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. GLR-11-0527 |
| | * | |
| **CARLOS ROMERO** | * | |
| | * | |
| **Defendant.** | * | |
| | * * * * * * * * * | |

## GOVERNMENT'S SECOND MOTION IN LIMINE

Plaintiff, United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Justin S. Herring, Assistant United States Attorney and Roger K. Picker, Special Assistant United States Attorney, hereby files this second motion *in limine*, seeking a pre-trial ruling on the admissibility of evidence the defendant possessed a firearm earlier on the same evening he was stopped by police and found in possession of a firearm.

### FACTS[1]

On June 7, 2011, at approximately 8:40 pm, the defendant, Carlos Romero was in the Rancho Manilla bar in Baltimore, Maryland. Also in the bar was a man who witnessed a shooting in the same bar on March 12, 2011 ("witness"). The defendant approached the witness and told him that the defendant would cut his tongue out for talking to the police. He asked the witness to go outside with him, but the witness refused. While conveying these threats, the defendant patted or pointed to a bulge in his pocket, which led the witness to believe the defendant was armed. As a result of these acts, on October 11, 2011, the defendant pled guilty to intimidating a witness with intent to influence his testimony in Baltimore City Circuit Court.

---

[1] This Facts Section is identical to that in the Government's First Motion In Limine.

Later on the same evening, at approximately 1:30 a.m on June 8, 20122, Baltimore Police Officers conducted a traffic stop of a pickup truck after observing the truck spinning circles and squealing its tires in the 3400 Block of E. Baltimore Street.  At the time of the stop, the truck had two occupants: the driver and the defendant, who was in the passenger seat.

Officer Jurry Tugbeh approached on the driver-side of the truck, and asked the driver for his license and registration.  The driver provided his license and then reached over to the passenger-side glove box to retrieve the registration.  When the driver opened the glove box, Officer Jason Blanchard, who was standing on the passenger side of the truck, saw the butt of a handgun in the glove box and yelled "gun."  After removing the driver the truck and securing him, the officers removed the defendant from the truck.  The passenger-side door would not open, so the officers pulled the defendant out of the truck through the open window.

While the defendant was being pulled from the truck, a hollow point round fell out of his pocket.  A search incident to arrest recovered more rounds in the defendant's pant pocket.  The firearm was loaded with five hollow-point rounds.  The rounds recovered from the defendant were the same caliber as the firearm recovered from the glove box.

Following his arrest in Baltimore City, the defendant's identifying information was taken and reviewed by an agent with Immigration and Customs Enforcement.  The defendant's identifying information was a positive match to an immigration record for Carlos Campos Romero.  The defendant's immigration file indicates he is a native and citizen of El Salvador and not a United States citizen.  The defendant's immigration file also confirmed that he was previously removed from the United States to El Salvador on April 13, 2010.  A fingerprint contained on a warrant of removal was a confirmed matched to the fingerprint taken from the

2

defendant during the booking process in June 2011.  Further review of the defendant's immigration file and pertinent immigration databases confirmed that the defendant had not obtained permission to reenter the United States from appropriate immigration authorities.

On September 22, 2011, the defendant was indicted by the Grand Jury for the District of Maryland on one count of illegal reentry in violation of 8 U.S.C. § 1326, one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Trial is scheduled for January 7, 2013.

## ARGUMENT

A federal grand jury has charged the defendant with the crimes of being a felon in possession of a firearm and a felon in possession of ammunition.  To convict the defendant of these crime, the government must prove, *inter alia*, that the defendant possessed a firearm and ammunition on or about 1:20 am on June 8, 2011.  8 U.S.C. § 922(g).  To prove this element, the government intends to introduce, *inter alia*, the defendant's statement from the October 11, 2011 plea colloquy – specifically the defendant's admission that he threatened a witness and that the witness believed that the defendant had a weapon in his pocket.  *See* Exhibit 1 (transcript of defendant's plea colloquey).[2]

Evidence that the defendant was carrying a weapon and that he had a reason to be carrying a weapon the night he was arrested, is direct and relevant evidence supporting the government's contention that he possessed a firearm when he was arrested early in the morning

---

[2] This transcript and the government's intention to use it were previously disclosed to the defense in September 2012.

3

on June 8, 2011.[3] Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. The defendant's admission that his victim believed he had a "weapon" in his pocket plainly has a tendency to make his possession of a firearm only hours later when he was arrested more probable. And "relevant evidence is admissible unless it is excluded for some other purpose authorized by the Federal Rules of Evidence." *Westfield Ins. Co. v. Harris*, 134 F .3d 608, 614 (4th Cir. 1998).

The Fourth Circuit has repeatedly affirmed the introduction of similar evidence to show possession of a firearm in § 922(g) cases. For example, in *United States v. Grimmond*, 137 F.3d 823 (4th Cir. 1998), the court found no error in admitting evidence that the defendant shot two people over the defense's objection. *See also United States v. Myers*, 280 F.3d 407 (4th Cir. 2002) (admitting evidence, over the defense's objection, that the defendant shot and killed a man because it "was directly relevant to whether [the defendant] was a felon in possession of a firearm" under § 922(g)). Similarly, the Fourth Circuit has affirmed a district court for permitting the introduction of evidence that a defendant was a gang member, where that evidence provided a motive to possess a firearm. *United States v. Santiago*, 344 Fed. Appx. 847 (4th Cir. 2009); *see also United States v. Harris*, 587 F.3d 861, 868 (7th Cir. 2009) (holding that

---

[3]As such, this is evidence intrinsic to this case and not a prior bad act admissible under rule 404(b). Nonetheless, in the alternative this evidence is admissible under Rule 404(b). Rule 404(b) permits the government to introduce "[e]vidence of other crimes, wrongs or acts "to prove matters other than propensity, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ." Fed. R. Evid. 404(b). In this way, Rule 404(b) "specifies that such evidence is generally admissible except when it is offered to prove 'the character of a person in order to show action in conformity therewith.'" *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Here, as set forth in this motion, evidence of this act shows, at a minimum, that the defendant had a motive and intent to possess a firearm.

even though evidence of gang membership can be inflammatory, evidence of defendant's involvement with a gang was properly admitted because it was highly probative of defendant's possession of the particular firearms at issue and his motive for having them).

Nor should this evidence be excluded under Federal Rule of Evidence 403.  Under Rule 403, evidence that would otherwise be admissible may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needles presentation of cumulative evidence."  The test "should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).    As all incriminating evidence is to some extent prejudicial, *see United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990), the necessary question under Rule 403 is whether the evidence has the potential to cause unfair prejudice, and whether the danger of such prejudice substantially outweighs any probative value that the evidence might have. *See United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991).  Prejudice against a defendant does not compel exclusion of evidence unless it rises to the level of "undue prejudice" – evidence that is damaging for reasons other than its probative value, such as on the basis of emotion. *United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003).  Moreover, exclusion is required "only in those instances where . . . there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *Mohr*, 318 F.3d at 618; *United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995).

The defendant's admission is highly probative.  It supports possession in two ways: First, it indicates he actually possessed a weapon that evening.  The bulge in his pocket, which he suggestively patted while threatening a witness, convinced his victim that he was actually

armed.  Second, it shows motive to possess a firearm that evening.  A man who is prepared to threaten violence to intimidate a witness into non-cooperation with law enforcement has good reason to be armed.  The government anticipates that the defense will argue that he did not possess the firearm, since there were two men in the truck when it was stopped and the firearm was not being carried by the defendant at the time of the stop.  Evidence that he actually possessed a weapon and had motive to possess a weapon is therefore highly probative.

Nor would this evidence cause any undue prejudice.  To be sure, the evidence is prejudicial to the defendant in the same sense that "all evidence [that] tend[s]to show a defendant's guilt" is prejudicial.  *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006).  But Rule 403 is concerned only with "unfair prejudice," and where, as here, the evidence was "prejudicial for the same reason that it was highly probative – it strongly demonstrated . . . guilt" – exclusion is unwarranted.  *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008).  Moreover, even if there were any "unduly prejudicial" effect from the defendant's admission regarding possessing a weapon, which there is not, it can be cured by limiting instructions. *See Hadaway*, 681 F.2d 214, 219 (4th Cir. 1982) ("Any such [prejudicial] impact of the evidence was largely dissipated by the court's repeated instructions to the jury" to consider the evidence only for a limited purpose.).

## CONCLUSION

The government therefore respectfully requests that this Court make a pre-trial ruling to admit evidence that the defendant possessed a weapon earlier in the same evening on which he was arrested.

Respectfully submitted this 28th day of December, 2012.

                                      Rod J. Rosenstein
                                      United States Attorney

                                      /s/
                                      _____
                                      Justin Herring
                                      Assistant United States Attorney
                                      Roger K. Picker
                                      Special Assistant United States Attorney
                                      36 South Charles Street
                                      Baltimore, Maryland 21201